## Hamilton v. Turnbaugh

*Solomon Hurwitz*, for plaintiff; *Caldwell, Fox & Stoner*, for defendant.

HARGEST, P. J., April 8, 1933.—This case arises upon a petition and rule to show cause why the judgment should not be stricken from the record.

The judgment was entered upon a transcript of the docket of an alderman. The transcript showed a suit against Thomas Turnbaugh; that the defendant failed to appear; that the judgment was entered on July 13, 1932, "against the defendant." The transcript also shows:

"October 3, 1932, on motion of Sol. Hurwitz, attorney for plaintiff, constable E. P. Gough being duly sworn and having testified that the summons in this case was actually served on S. H. Turnbaugh, the record is amended that judgment is entered in favor of A. S. Hamilton, plaintiff, and against S. H. Turnbaugh, the defendant, in the sum of $275."

The situation, as appears from the record, was that a summons in a suit purporting to be against Thomas Turnbaugh was served on S. H. Turnbaugh. So far as the record shows, there may be a Thomas Turnbaugh and an S. H. Turnbaugh. Neither Thomas Turnbaugh nor S. H. Turnbaugh appeared. Thomas Turnbaugh was not bound to appear because there was no service on him. S. H. Turnbaugh was not bound to appear because the suit was against Thomas Turnbaugh. No notice of this amendment was given either to Thomas Turnbaugh or S. H. Turnbaugh, and the question is whether such an amendment may be made after judgment and without notice. Section 2 of the Act of May 4, 1852, P. L. 574, 12 PS § 533, provides:

"All actions pending, or hereafter to be brought in the several courts of this Commonwealth, . . . the said courts shall have power, in any stage of the proceedings, to permit amendments by changing or adding the name or names of any party, plaintiff, or defendant, whenever it shall appear to them that a mistake or omission has been made in the name or names of any such party."

The Act of May 12, 1887, P. L. 96, 42 PS § 672, provides, in part:

"The several justices of the peace and aldermen of this Commonwealth shall have power, in all actions pending or hereafter to be brought before them, in any stage of the proceedings, before final judgment, on reasonable notice, to grant a hearing and permit amendments by changing or altering the christian or surname of any party plaintiff or defendant, whenever it shall be made to appear, upon due proof, that a mistake or omission has been made in the christian or surname of any party plaintiff or defendant".

It is very apparent that the Act of 1887 is drawn over the Act of 1852 because of a similarity of the language. Even conceding that the Act of 1852 applied to aldermen's courts (though in Fahnestock v. Bushey & Co., 5 Lanc. L. R. 57, it is decided that it did not), the legislature has certainly limited the power of amendment by justices of the peace and aldermen to such as may be made before final judgment and also on reasonable notice. Assuming that the first act applies to aldermen's courts, to that extent the two of them are in pari materia and must be read together and the limitation of the Act of 1887 applied. It therefore seems to follow that this amendment made without notice and after final judgment is without any authority to sustain it. Moreover, the decided cases show it was illegally made. In every case hereinafter cited, except one, the amendment was made after rule granted, which, of course, presupposes notice to the defendant.

In Brittin v. Shloss, 9 W. N. C. 510 (1880), there was a rule to amend by changing the name of the defendant from Joseph Shloss to Abram Shloss in an action of trespass in the common pleas court, with a suggestion that a new defendant be brought into the court by an alias writ. The court held that the amendment could not be allowed and the proper remedy was to discontinue and bring a new action.

In Meyerhoff v. Shane, 23 W. N. C. 200 (1888), there was also a rule to amend after judgment obtained before a magistrate and a transcript of record

filed in the common pleas. This application to amend was in the common pleas. It appeared by affidavit that the goods were sold to James McShane, at 107 South Street, though through inadvertence the defendant's name was entered on the firm's books as J. N. Shane; that plaintiff's attention had not been called to the error until after the judgment was entered and the transcript filed; that the constable had served James McShane at 107 South Street; that an execution was issued and a levy made at that address, and that a person answering to the name of McShane notified the constable of his intention to take advantage of the exemption act and subsequently called at the magistrate's office and signed a notice to that effect in the name of James McShane. It will at once appear that this case is different in essentials from the instant case; that the person who was the real defendant, while not appearing at the hearing, appeared in subsequent proceedings in the suit. While this amendment was allowed, it does not appear that the court had before it the Act of 1887.

In Gehman v. Christ, 15 W. N. C. 171 (1884), suit was brought against August Christ and Sarah, his wife, before a justice of the peace, and judgment was entered and a transcript filed in the common pleas. Subsequently the justice filed an amended transcript wherein the name of the defendant, Sarah Christ, was amended so as to read "Mary Christ." On motion of the justice, the court allowed the plaintiff to file an amended transcript. Subsequently the defendant, Mary Christ, obtained a rule to show cause why the judgment entered on the transcript should not be stricken off. The court made this rule absolute on the ground that the justice had exceeded his authority in filing the amended transcript. The Supreme Court held that the common pleas had no jurisdiction to strike off the judgment because the record had not been brought up either upon appeal or certiorari and that it was only in the exercise of appellate jurisdiction that the common pleas could make the order which was made. This case, of course, does not reach the question before us.

In Schwartz v. Mauer, 2 W. N. C. 445 (1876), there was a rule to amend in common pleas, the plaintiff having found that he had made a mistake in defendant's Christian name. The rule was made absolute.

In Eshbach v. Finley, 26 Lanc. L. R. 2, the plaintiff asked leave to amend by substituting his wife as plaintiff. The defendant objected, and it was held that such amendment was not changing the name but substituting a new plaintiff.

In The Heirs of J. P. Korb v. Knarr, 9 Just. L. R. 274, it is held that the Act of 1887 provides for amendments in suits before justices of the peace only before final judgment.

In Ostrofsky v. St. Spasa United Greek Cath. Society, 17 Luz. L. R. Rep. 458, where the defendant failed to appear at the hearing before the justice, judgment was entered in favor of the plaintiff, an execution was issued, and later, upon motion of plaintiff's attorney, an amendment was made after judgment was entered. The court held that the magistrate had no power to make the amendment, inasmuch as the identity of the society originally named and the name of the society as amended was not established by the record, by deposition, or by implication, and that there was a judgment entered in the attachment execution against a defendant who had not been sued or served.

It has been held in Gehman v. Christ, supra, that the better method of questioning an amendment made by a justice of the peace in the common pleas is by a certiorari or appeal, yet in that case there was no attempt to use the processes of the common pleas to enforce a judgment which was clearly illegal on its face. In the instant case it clearly appears that the justice had no authority, after judgment and without notice, to amend his record by bringing in S. H. Turnbaugh, who never had any notice of the amendment, so far as anything appears

before us, until a writ of fi. fa. was issued out of this court. As the matter appears before us, S. H. Turnbaugh finds himself a defendant in this court and his property seized in execution on a judgment void upon its face. In Pennsylvania, equity is administered in common-law forms. We cannot permit the seizure in execution of property of one against whom a judgment has been illegally entered, when the inspection of the record shows such illegality. Inasmuch as we do not have appellate jurisdiction in this case, we will follow Gehman v. Christ, supra, and will not strike off the judgment, but we will not allow it to be enforced by any writ issued out of this court.

Now, April 7, 1933, the execution issued upon the judgment in this case is hereby stayed and set aside, at the cost of the plaintiff.

From Homer L. Kreider, Harrisburg, Pa.